UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-04104 HDV JC                              Date   October 13, 2023

Title   *Amy N. Nguyen v. Volkswagen Group of America, Inc., et al.*

Present: The Honorable   Hernán D. Vera, United States District Judge

|   Wendy Hernandez   |   Not Reported   |
|---|---|
|   Deputy Clerk   |   Court Reporter   |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                                                              None Present

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING MOTION TO REMAND [12]**

Before the Court is plaintiff Amy N. Nguyen's ("Plaintiff") Motion to Remand ("Motion"). [Dkt. No. 12]. As discussed below, the Court finds that the requirements for diversity jurisdiction are met and subject matter jurisdiction is proper in this court. The Motion is denied.

**I.   Background**

On or about December 27, 2019, Plaintiff leased a 2019 Audi E-Tron (the "Vehicle"), which is manufactured and distributed by defendant Volkswagen Group of America, Inc. ("Defendant"). Complaint ("Compl.") ¶ 4 [Dkt. No. 1-1]. Plaintiff alleges the lease was accompanied by Defendant's express and implied warranties. *Id.* ¶¶ 8, 9. She also alleges that within the first eighteen months of the Vehicle's delivery, it was out of service for more than thirty days for repair of defects and warranty nonconformities and that Defendant has been unable to conform the Vehicle to the applicable warranties. *Id.* ¶¶ 10, 12, 13.

As a result, Plaintiff submitted a claim through the Better Business Bureau Auto Line program. On March 11, 2023, an arbitrator through the program issued a decision finding that the Vehicle is a lemon and ordering Defendant to repurchase

it within thirty days. *Id.* ¶¶ 19, 21; Declaration of Maria Sanjur-Van Brande ¶ 3, Ex. 2 [Dkt. No. 14-1]. Plaintiff accepted the decision. Compl. ¶ 23. In accordance with the decision, Defendant reimbursed Plaintiff an amount of $37,962.00, taking into account her down payment, first payment, additional payments, registration cost, and mileage offset. Declaration of Brandon Bell ("Bell Decl.") ¶ 7 [Dkt. No. 21-1]; Declaration of Martha Weir ("Weir Decl.") ¶¶ 4, 10 [Dkt. No. 21-3], Ex. H [Dkt. No. 21-10]. Defendant also made a payment of $36,273.18 to VW Credit Leasing, LTD to satisfy the residual amount to repurchase the Vehicle to obtain title. Weir Decl. ¶ 4.

On April 19, 2023, Plaintiff initiated this action in the Superior Court of the State of California, Los Angeles County, asserting claims for breach of express and implied warranties under the California Song-Beverly Consumer Warranty Act. Defendant Volkswagen Group of America, Inc., filed a Notice of Removal on May 26, 2023. [Dkt. No. 1].

Plaintiff filed the Motion to Remand on June 22, 2023. The Motion argues that Defendant fails to establish federal jurisdiction and asks the Court to award Plaintiff attorney's fees resulting from removal. *Id.* Defendant opposed the Motion and Plaintiff filed a Reply. [Dkt. Nos. 21, 24]. On October 12, 2023, the Court heard oral argument and took the matter under submission. [Dkt. No. 27].

## II. Legal Standard

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. That statute is strictly construed against removal jurisdiction and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). If the court lacks subject matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court. *See* 28 U.S.C. § 1447(c).

### III. Discussion

In its Notice of Removal, Defendant contends the Court has jurisdiction over this case based on diversity jurisdiction. Such jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### A. Complete Diversity of Parties

A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)). An individual is a citizen of the state where they are domiciled, which is where the person resides with the intent to remain or the place to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of "any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's "principal place of business" refers to the place where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This is commonly known as the "nerve center." *Id.* at 92–93. "[I]n practice it should normally be the place where the corporation maintains its headquarters." *Id.*

Defendant's principal place of business is in Herndon, Virginia. Weir Decl. ¶ 3; Bell Decl. ¶ 3. Plaintiff does not challenge this assertion. *See* Motion at 15. As to Plaintiff's citizenship, Defendant's Notice of Removal alleges she is a citizen of California. Notice of Removal ¶ 9. In support of its allegation, Defendant furnishes evidence that the Vehicle was registered in California in 2022 and that Plaintiff's California driver's license, issued in 2021, lists her address in California. Weir Decl. ¶¶ 12, 13, Exs. I, K, L. Although Plaintiff's Complaint does not allege her citizenship, she does not deny that she is a citizen of California nor does she provide evidence supporting a finding of her citizenship elsewhere. Based on this record, the Court concludes that Defendant has sufficiently established complete diversity of the parties.

### B. Amount in Controversy

Diversity jurisdiction also requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

"Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed.App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)) (internal quotation marks omitted). The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

In this case, Plaintiff seeks relief under the California Song-Beverly Consumer Warranty Act. Under the Act, a plaintiff may recover restitution, civil penalties, and costs and expenses, including attorney's fees. Cal. Civ. Code § 1794. Before this case was removed, Defendant reimbursed Plaintiff based on the Better Business Bureau Auto Line program decision. As a result, Plaintiff seeks only civil penalties and costs and expenses available under the Act. *See* Compl. ¶ 30.

The Song-Beverly Consumer Warranty Act permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). Here, Plaintiff has received actual damages in the form of a $37,962.00 reimbursement, and Plaintiff does not challenge this fact. Bell Decl. ¶ 7; Weir Decl. ¶¶ 4, 10, Ex. H. Multiplying that amount by two, her potential recovery in civil penalties is $75,924.00, an amount that meets the jurisdictional threshold.

In response, Plaintiff argues the maximum amount of her recovery should be estimated at $37,047.00, considering her lease payments made, along with the

mileage offset, rebate offset, and nonmanufacturer accessories, and excluding the amount paid toward the purchase option.  Reply at 3.  Utilizing this figure, Plaintiff contends that her potential recovery in civil penalties is $74,094.00, falling short of the required $75,000 amount.

But since the Song-Beverly Consumer Warranty Act permits recovery of attorney's fees, the amount in fees sought may be considered when determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Here, Plaintiff's Motion seeks $3,000 in attorney's fees just for time spent in connection with the filing of her Motion.  *See* Motion at 16.  Thus, even considering Plaintiff's proposed $74,094.00 figure, Plaintiff's request for fees incurred simply on this issue alone brings the amount in controversy to $77,094.00.

The requirements for diversity jurisdiction are met, and the Motion to Remand is denied.

**IT IS SO ORDERED.**